THOMAS W. WILLETS, Administrator of ANNA V. KIRK, deceased, Appellant, *v*. JAMES TITUS, Surviving Executor of RICHARD KIRK, deceased, and Administrator of ANNA V. KIRK, deceased, and others, Respondents.

*Will — construction of — accumulations — when they pass with the principal.*

A testator, by his will, gave to his wife the use of all his property until the majority of his daughter, when it was to be divided between them equally; in case his daughter died during her minority, the whole to go to his wife; in case the wife should die during the minority of her daughter, then the daughter was "to come in possession of all of said property, on arriving at the age of twenty-one years, previous to which to be handed out, at the discretion of the executors hereinafter named;" in case of the death of both wife and daughter without issue, during the minority of the latter, the property to go to persons named in the will.

The wife died before the daughter, and the latter during her minority. Accumulations of income were made by the executors during the survivorship of the daughter. *Held*, that such accumulations passed to the ultimate legatees with the body of the estate, and did not belong to the estate of the daughter.

APPEAL from a judgment, entered upon the trial of this action at Special Term.

This action was brought to compel the defendant to render an account as to the estate of Anna V. Kirk. The principal question in the case was whether certain accumulations of income belonged to the estate of Anna V. Kirk, deceased, or whether they passed to certain legatees named in the testator's will.

The material portions of the will were as follows :

"First. It is my will that my beloved wife, Mary A. Kirk, has the free use of all my property, both real and personal, for the mutual benefit of herself and my daughter, Anna V. Kirk, until she arrives at the age of twenty-one years, at which time I give and bequeath the one-half the property there may then be, consisting of real or personal, of whatever kind and nature soever, to my beloved wife, Mary A. Kirk, and the other equal one-half to my daughter aforesaid, Anna V. Kirk, share and share alike. The said bequest to my wife, Mary A. Kirk, is in lieu of her dower.

"Second. In case of the decease of my said daughter, Anna V. Kirk, before arriving at the age of twenty-one years, my will is

that the said property all goes to my beloved wife aforesaid; and in case my said wife should not live until my daughter, Anna V. Kirk, reaches to the age of twenty-one years, then, and in that case, my aforesaid daughter, Anna V. Kirk, is to come in possession of all of said property, on arriving at the age of twenty-one years, previous to which to be handed out, at the discretion of the executors hereinafter named.

" Third. In case of the death of both wife and daughter aforesaid before the latter becomes of age (unless she should have lawful issue), I desire that the said real and personal property be equally divided between (certain persons therein named.) "

Accumulations of income were made during the minority of the daughter, and after the death of the mother who died during such minority. The daughter, Anna V. Kirk, died before arriving at the age of twenty-one years.

*J. A. Thompson*, for the appellant. Anna V. Kirk, being the only heir-at-law and next of kin of the testator, neither she nor her estate can be deprived of the testator's property, or the income thereof, by some supposed implication as to the will. (*Lynes* v. *Townsend*, 33 N. Y., 558; *Haxtuin* v. *Corse*, 2 Barb. Ch., 506, 521; Jarman on Wills, vol. 2, p. 525 [741]; Redfield on Wills, vol. 1, p. 425.) The provisions of the will, that Anna V. Kirk should come into possession of the property on arriving at age, did not deprive her of the income or possession before becoming of age, because she, being the heir of the testator, was not by such expression cut off from the income or possession. (Jarman on Wills, vol. 2, p. 525 [741]; Redfield on Wills, vol. 1, p. 425 [Rules 5 and 6, *supra*]; *Haxtuin* v. *Corse*, 2 Barb. Ch., 506, 521.)

*Wilson M. Powell*, for the respondents.

DYKMAN, J.,

Richard Kirk, by the first clause of his will, gave the free use of all his property to his wife and his daughter Anna, until the latter attained the age of twenty-one years, and then the wife was to have one-half and the daughter the other. If the daughter died before arriving at the age of twenty-one years, then all the property was given to the wife; and if the wife did not live until

Anna reached the age of twenty-one years, then all was given to the daughter, to be received in possession and enjoyment by her upon her reaching twenty-one years of age, until which time the executors were to hand out the property to her in their discretion. In case of the death of both wife and daughter before the latter became twenty-one years of age, then, unless she had lawful issue, all the property was to be divided equally between certain persons named or indicated.

The wife died intestate in 1861, and the daughter, who survived her, died childless and intestate under the age of twenty-one years in 1872. Between the time of the death of the wife and daughter there were certain accumulations of the estate which came to the hand of the executors, and the controversy has respect thereto. There is no positive direction or provision in the will for accumulation. The power to the executors to hold some of the estate, is implied from the direction to hand out to the daughter in their discretion after the death of her mother. Assuming, however, that a direction for accumulating is thus to be implied, it is a perfectly valid one within our statute. (1 R. S., 773, § 3.)

Under the second clause of the will, the daughter took a vested estate. Her reaching the age of twenty-one years was a condition precedent to the possession and enjoyment of the estate, and not to its vesting. (*Manice* v. *Manice*, 43 N. Y., 380.)

If the daughter had reached the age of twenty-one years, then all would have come to her in possession; but as she did not, the whole body of the estate, which included all that had not been handed out to the daughter, passed under the third clause of the will.

This seems very plain; after the death of the wife, the executors were to hand out to the daughter, in their discretion, as she required, and hold the balance to be handed over to her on her reaching twenty-one years of age; if she did not reach that age, then all went to the persons indicated in the third clause in the will.

Judgment should be affirmed, with costs.

BARNARD, P. J., concurred; GILBERT, J., not sitting.

Judgment affirmed, with costs.